CHARLES J. DONNELLY, INC. *vs.* DONNELLY BROS., INC. (DONNELLY, INC.) AND THOMAS C. P. DONNELLY.

MARCH 2, 1964.

PRESENT: Condon, C. J., Roberts, Powers and Joslin, JJ.

POWERS, J. This cause is before us on the respondent's appeal from a final decree of the superior court modifying a final decree from which an appeal was taken to and decided by this court in *Charles J. Donnelly, Inc.* v. *Donnelly Bros., Inc.*, 96 R. I. 255, 191 A.2d 143, to which reference is hereby made for further details.

Suffice it to observe that after the original cause was heard in the superior court a final decree was entered ordering:

"1. That Thomas C. P. Donnelly and Donnelly, Inc., formerly Donnelly Bros., Inc., be and hereby are permanently enjoined, in the trade and/or in dealings with the public, from using the words 'Donnelly, Inc.' and from using the word 'Donnelly' or its possessive form with an underline in any form, whether the underline extends the full length of the word or not and whether it is an extension of the tail of the letter 'Y' or not and whether the letters are in a reverse slant, upright, or in forward slant, or without an underline, unless as 'Donnelly Bros.' or 'Donnelly Bros., Inc.', or the word 'Brothers' instead of the abbreviated 'Bros.'

"2. That the respondents, Thomas C. P. Donnelly and Donnelly, Inc., formerly Donnelly Bros., Inc., be and hereby are permanently enjoined from simulating the name and the advertising of Charles J. Donnelly, Inc., Donnelly's of Warwick, Inc., Donnelly's of Cranston, Inc., and Charles J. Donnelly, and from confusing or misleading the public thereby and from diverting patronage and good will of Charles J. Donnelly, Inc., Donnelly's of Warwick, Inc., Donnelly's of Cranston, Inc., and Charles J. Donnelly, thereby.

"3. That the prayers of Donnelly Bros., Inc., Donnelly, Inc., and Thomas C. P. Donnelly (complainants in Equity No. 28937 [28987]) be and hereby are denied and dismissed."

The respondent appealed therefrom to this court and in our decision thereon we stated at pages 264 of 96 R. I. and 148 of 191 A.2d:

"Nor is there any doubt that the use of the name 'Donnelly' in such a manner as to readily associate it with the distinctive style employed by complainant is an unlawful interference with the exclusive right of complainant, as found by the trial justice."

We concluded thereby that respondent was entitled to use his surname "Donnelly" provided he did not enlarge thereon by resorting to a styling which would tend to identify him with complainant beyond the limits of that which is unavoidable.

Having so held, we affirmed the decree in all remaining particulars but remanded the cause to the superior court for entry of a new decree so modified as to comply with our decision. Thereafter, on July 2, 1963, over respondent's objection, a decree was entered ordering:

"1. That Thomas C. P. Donnelly and Donnelly, Inc., formerly Donnelly Bros., Inc., be and hereby are permanently enjoined from using the words 'Donnelly, Inc.' or any corporate name consisting of or containing Donnelly or Donnelly's; and from using the word Donnelly in any form unless respondent clearly distinguishes the identity of his business from the business carried on by the complainant under the name Donnelly's, to the trade and to the public, and from using the name 'Donnelly' or 'Donnelly's' without something additional which will clearly distinguish respondent's business from complainant's business; and from using the word 'Donnelly' or its possessive form with an underline in any form, whether the underline extends the full length of the word or not and whether it is an extension of the tail of the letter 'Y' or not and whether the letters are in a reverse slant, upright or in forward slant.

"2. That the respondents, Thomas C. P. Donnelly and Donnelly, Inc. formerly Donnelly Bros., Inc., be and hereby are permanently enjoined from simulating the name and the advertising of Charles J. Donnelly, Inc., Donnelly's of Warwick, Inc., Donnelly's of Cranston, Inc., and Charles J. Donnelly, and from confusing

or misleading the public thereby and from diverting patronage and good will of Charles J. Donnelly, Inc., Donnelly's of Warwick, Inc., Donnelly's of Cranston, Inc., and Charles J. Donnelly, thereby.

"3. That the prayers of Donnelly Bros., Inc., Donnelly, Inc., and Thomas C. P. Donnelly (complainants in Equity No. 28937 [28987]) be and hereby are denied and dismissed."

From the final decree as thus modified, respondent appealed to this court. He contends that it does not afford him the relief to which, by the decision of this court, he was entitled. Indeed, he argues that the modified decree is one in name only and is not significantly distinguishable from that which motivated him to appeal to this court in the first instance. In our judgment there is merit in his complaint.

Consistent with *Harson* v. *Halkyard,* 22 R. I. 102, we were and are of the opinion that respondent may not be enjoined from the unadorned use of the name "Donnelly." This court flatly stated at page 104:

"No person can acquire a right to use his surname as a trade-mark or trade-name to the exclusion of others bearing the same surname. Unless, therefore, the signs, labels, and other advertisements of the respondents are such, *independently of the use of the name* 'Harson,' as to deceive the public into the belief that they are buying the goods of the complainant when they are buying the goods of the respondents, the complainant has no ground of complaint." (italics supplied)

The complainant further argues, however, that *Harson* was decided at the turn of the century when advertising practices and sales methods were not greatly influenced by the public's dependence on the telephone. He urges, by reason of this circumstance, coupled with the fact that telephone listings do not permit of distinctive styling, that this court should not follow the reasoning adopted in *Harson.*

We are not so persuaded. The complainant does not make an unembellished use of his family name in connection with his business. Indeed he brought this suit to enjoin respondent because, as he alleged and proved, he spent great sums in familiarizing the public with the trade name "Donnelly's" distinctively styled, and they became so familiarized. The respondent has been enjoined from any styling of his surname other than in the specific manner set forth in the decree. Moreover, we are not convinced that the shopping public, walking their fingers through the yellow pages of a telephone directory, will so fail to distinguish between "Donnelly's" at a stated address or addresses, and "Donnelly" at a different address or addresses, as to be confused.

The trial justice in reaching his decision concluded that this court intended to limit the respondent to the combined use of his christian and surname. He commented that, by statute, the state required the registering of a surname with the christian name which, in the instant cause, would result in Thomas C. P. Donnelly d.b.a. "Donnelly." With this we are not concerned, since such registration is not required to be stated in full when the name under which the business is conducted is advertised.

The respondent's appeal is sustained, the decree appealed from is reversed, and the cause is remanded to the superior court for entry of a new decree in accordance with this opinion.

*Coffey, Ward, McGovern & Novogroski, Matthew E. Ward,* for complainant.

*John A. Varone,* for respondent.