208 A.2d 741.
CHARLES J. DONNELLY, INC. *vs.* DONNELLY BROS., INC.
(DONNELLY, INC.) AND THOMAS C. P. DONNELLY.

APRIL 5, 1965.

PRESENT: Condon, C. J., Roberts, Powers and Joslin, JJ.

PER CURIAM. This petition for a writ of certiorari was brought to review and correct a final decree of the superior court which allegedly imposes on the petitioner Thomas C. P. Donnelly a greater restraint in the use of his surname than that which was approved by this court in *Charles J. Donnelly, Inc.* v. *Donnelly Bros., Inc.,* 97 R. I. 377, 198 A.2d 41, pursuant to which the decree complained of in these proceedings was entered. We issued the writ on the further allegation that because of circumstances, the recitation of which would serve no relevant purpose here, the time for taking an appeal had passed and the petitioners having no other adequate remedy suffer and will continue to suffer great harm unless the final decree is corrected so as to conform with our holding.

An examination of the pertinent records which were certified from the superior court in accordance with the mandate of the writ discloses that petitioners, respondents in the above-entitled cause, and Charles J. Donnelly, Inc., complainant therein, separately operate mercantile establishments as competitors; that the controversy which resulted in the instant proceedings has been litigated on two previous occasions; and that these are reported in *Charles J. Donnelly, Inc.* v. *Donnelly Bros., Inc.,* 96 R. I. 255, 191 A.2d 143, and *id.,* 97 R. I. 377, 198 A.2d 41, to which reference is made for a detailed travel of the cause.

The record further discloses that after the cause had been remanded to the superior court for entry of a new decree in accordance with our holding in the last-cited case, an amended decree was entered April 9, 1964, the first paragraph in the order of which is as follows:

"1. That Thomas C. P. Donnelly and Donnelly, Inc., formerly Donnelly Bros., Inc. be and hereby are

permanently enjoined from using the words 'Donnelly, Inc.'; and from using the surname 'Donnelly' by enlarging thereon or by resorting to a styling which would tend to identify him with a complainant beyond the limits of that which is unavoidable; from using the surname 'Donnelly' with other words which would tend to identify him with complainant beyond the limits of that which is unavoidable; and from using the surname 'Donnelly' or its possessive form with an underline in any form, whether the underline extends the full length of the word or not and whether it is an extension of the tail of the letter 'Y' or not and whether the letters are in a reverse slant, upright or in forward slant."

The petitioners contend that the injunctive relief therein accorded to complainant exceeds that authorized in *Charles J. Donnelly, Inc.* v. *Donnelly Bros., Inc.*, 97 R. I. 377, 379, 198 A.2d 41, at page 42, and is as follows:

"We concluded thereby that respondent was entitled to use his surname 'Donnelly' provided he did not enlarge thereon by resorting to a styling which would tend to identify him with complainant beyond the limits of that which is unavoidable."

They argue that from a fair reading of the foregoing quotation the first paragraph of the order in the decree should be amended to read as follows:

"a) From using the name 'Donnelly' alone or in its possessive form with a styling or with other words which complainant has pre-empted and which would tend to identify him with complainant.

"b) From using the name 'Donnelly' alone or in its possessive form with an underline irrespective of whether such underline is an extension of the tail of the letter 'Y' and irrespective of whether the underline extends the full length of the word, and irrespective of whether the letters are in a reverse slant, upright or in forward slant."

In urging an adoption by this court of the foregoing proposed order as being a fair declaration of petitioner Thom-

as C. P. Donnelly's right to the use of his surname, there is a manifest misconception of the scope of our decision in *Charles J. Donnelly, Inc.* v. *Donnelly Bros., Inc.*, 97 R. I. 377, 198 A.2d 41. There we were concerned with and directed the modification of a single segment of the order contained in the final decree entered April 16, 1962. It was as follows:

"1. That Thomas C. P. Donnelly and Donnelly, Inc., formerly Donnelly Bros., Inc., be and hereby are permanently enjoined, in the trade and/or in dealings with the public, from using * * * the word 'Donnelly' * * *."

The injunctive relief accorded by the decree was in all other respects, we held, conformable to our decision in *Charles J. Donnelly, Inc.* v. *Donnelly Bros., Inc.*, 96 R. I. 255, 191 A.2d 143.

The correction now sought by petitioners, as evinced by their proposed order paragraphed a) and b), would result in modifying that which we have heretofore held to be proper. This we decline to do.

However, we are of the opinion that the use of the disjunctive "or" in the first paragraph of the decree presently under review so distorts the meaning of our language in *Charles J. Donnelly, Inc.* v. *Donnelly Bros., Inc.*, 97 R. I. 377, 379, 198 A.2d 41, at page 42, heretofore quoted as to give it a connotation not intended by us. Furthermore, the inclusion of the word "upright" would, in our opinion. result in effectually depriving petitioner Thomas C. P. Donnelly of the use of his surname in any manner.

We hold, therefore, that the first paragraph of the order in the decree sought to be corrected should read as follows:

"1. That Thomas C. P. Donnelly and Donnelly, Inc., formerly Donnelly Bros., Inc. be and hereby are permanently enjoined from using the words 'Donnelly, Inc.'; and from using the surname 'Donnelly' by enlarging thereon by resorting to a styling which would

484

tend to identify him with complainant beyond the limits of that which is unavoidable; from using the surname 'Donnelly' with other words which would tend to identify him with complainant beyond the limits of that which is unavoidable; and from using the surname 'Donnelly' or its possessive form with an underline in any form, whether the underline extends the full length of the word or not and whether it is an extension of the tail of the letter 'Y' or not and whether the letters are in a reverse or forward slant."

In all other respects the decree correctly reflects the previous opinions of this court, and as conceded by the petitioners requires no modification.

The petition for certiorari is granted and the records in the cause are ordered remanded to the superior court with direction to modify the decree entered April 9, 1964 in accordance herewith.